UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,

              Plaintiff,

v.

CIBER, INC.,

              Defendant.

Case No. 09-cv-4795(GBD)

**DEFENDANT CIBER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS WITH PREJUDICE PLAINTIFF AMERICAN EXPRESS
TRAVEL RELATED SERVICES COMPANY, INC.'S AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

FORD & HARRISON LLP

Philip K. Davidoff (PD 7488)
100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5900

M. Susan Sacco
Florida Bar No. 341721
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
(407) 418-2300

Attorneys for Defendant CIBER, Inc.

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................. 1

II.  RELEVANT PROCEDURAL BACKGROUND ....................................... 1

III. ARGUMENT.......................................................................................... 3

    A.   Any Alleged Duty To Indemnify or Defend An FLSA Claim Is Precluded By Public Policy ........................................................... 3

        1.   There is no right of indemnification for claims brought under the FLSA ........................................................................ 3

        2.   There is no duty to defend for claims brought under the FLSA ......... 9

        3.   The breach of contract claim is precluded ........................................... 9

    B.   American Express Has Failed to Sufficiently Plead A Breach of The Contract ......................................................................... 10

        1.   No duty to defend or indemnify arises under Section 11(i)............... 12

        2.   No duty to defend or indemnify arises under Section 11(ii).............. 12

        3.   No duty to defend or indemnify arises under Section 11(iii)............ 17

        4.   No duty to defend or indemnify arises under Section 11(iv)............ 17

        5.   No duty to defend or indemnify arises under Section 10 ................. 18

        6.   Any claim for indemnification is premature ....................................... 19

IV.  CONCLUSION..................................................................................... 19

CERTIFICATE OF SERVICE ....................................................................... 20

COMPOSITE EXHIBIT A:

- CIBER, Inc.'s Answer and Defenses to Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial filed July 21, 2009 (Doc. 71)

- American Express Travel Related Services Company, Inc.'s Answer and Affirmative Defenses to Plaintiff Guy Alon's Second Amended Complaint filed July 24, 2009 (Doc. 72)

## I. PRELIMINARY STATEMENT

Plaintiff American Express Travel Related Services Company Inc.'s ("American Express") Complaint attempted to plead a claim for indemnification against Defendant, CIBER, Inc. (CIBER") arising from a lawsuit filed against American Express by Guy Alon which alleged that American Express violated the Fair Labor Standards Act ("FLSA"). CIBER filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because Second Circuit law precludes indemnification for claims brought under the FLSA. American Express then filed an Amended Complaint that is a transparent attempt to evade the effect of this law by adding two additional claims arising from the same contract language upon which the indemnification claim is based. American Express's efforts are futile because it cannot state a claim for either breach of a duty to indemnify, a duty to defend, or a breach of contract. Accordingly, the Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

## II. RELEVANT PROCEDURAL BACKGROUND

On November 25, 2008, Guy Alon filed a Complaint in the United District Court for the Southern District of Florida against American Express that alleged violation of the FLSA based on an alleged failure to pay overtime wages (the "Alon action"). (Doc. 1-1.)[1] On January 23, 2009, American Express filed a Third Party Complaint for Indemnification against CIBER. (Doc. 1-20.) On February 24, 2009, CIBER filed its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Dismiss with Prejudice the Third Party

---

[1] Copies of the relevant court documents were filed with this Court at Doc. 1. Citations to those documents filed in the Alon action will be cited as Doc. 1 followed by the docket number assigned by this Court, then the docket number assigned by the Southern District of Florida, if different. For example, the FLSA Complaint filed by Alon will be cited as Doc. 1-1; the Motion to Transfer Venue of the Third Party Complaint will be cited as Doc. 1-37 [38].

Complaint for Indemnification (Doc. 1-26), which sought, *inter alia*, to dismiss the Indemnification Complaint under Rule 12(b)(6).

On March 13, 2009, Alon amended his complaint to assert claims for conspiracy to avoid payment of overtime wages against both American Express and CIBER. The conspiracy claim against American Express was dismissed with prejudice due to FLSA preemption, and a ruling on CIBER's identical motion to dismiss is pending. (Doc. 1-31.) On or about July 10, 2009, Alon amended his complaint a second time to assert an additional claim against American Express for unjust enrichment, which alleges that American Express failed to pay Alon for hours that he worked that were in excess of what it approved for payment.[2]   Thus, there are two claims against American Express in the Alon action: a claim for violation of the FLSA's overtime provision and a claim for unjust enrichment. American Express's first defense states, "[American Express] is not liable to Plaintiff for any amounts owed because [American Express] was not Plaintiff's employer and Plaintiff was not an employee of [American Express] under the FLSA." (Doc. 1-15 at 3.)

On March 30, 2009, CIBER filed its Motion to Transfer Venue of the Third Party Complaint for Indemnification. (Doc. 1-37 [38].) On May 13, 2009, the Southern District of Florida entered its Order Granting Motion to Transfer Venue, Denying Motion to Dismiss for Improper Venue, [and] Declining Consideration of the Motion to Dismiss Pursuant to R. 12(b)(6). (Doc. 1-55 [56].) Pursuant to this Order, this action was transferred to this Court and the Southern District of Florida declined to rule on the motion to dismiss brought under

---

[2] Alon's Second Amended Complaint is attached to American Express's Amended Complaint (Doc. 11, Ex. C at 8).

Rule 12(b)(6), finding that this "Court will be better equipped to consider the legal questions raised in the Motion to Dismiss pursuant to R. 12(b)(6)." (*Id.* at 7.)

On May 21, 2009, this action was received by the Clerk of this Court. (Doc. 1.)  On July 8, 2009, CIBER filed a Renewed Motion to Dismiss With Prejudice American Express's Third Party Complaint For Indemnification. (Doc. 6).  On August 17, 2009. American Express filed its Amended Complaint alleging that CIBER breached its alleged duty to indemnify, its alleged duty to defend, and its contract with American Express. (Doc. 11.)

### III. <u>ARGUMENT</u>

American Express fails to state a claim for which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  CIBER is entitled to dismissal with prejudice on each of the three counts of American Express's Amended Complaint because American Express cannot state a claim under any of the alleged causes of action.

**A.    <u>Any Alleged Duty To Indemnify or Defend An FLSA Claim Is Precluded By Public Policy</u>**

**1.    There is no right of indemnification for claims brought under the FLSA.**

American Express did not, and cannot, state a claim upon which relief can be granted because it seeks indemnification from CIBER of a claim for violation of the FLSA, and there is no right to indemnification under the FLSA.

In *Herman v. RSR Sec. Servs.,* 172 F.3d 132 (2d Cir. 1999), the Second Circuit Court of Appeals considered, among other things, whether there is a right to indemnity under the FLSA. *Id.* at 135-36.  In *Herman*, Murray Portnoy and Marilyn Stern incorporated a business, RSR Security Services, Ltd. ("RSR"), to provide various security services. *Id.* Marilyn Stern's husband, Michael, had knowledge of the security business and became its

president, with Portnoy serving as chairman of the board. *Id.* Although Stern and vice-president Frank Watkins had responsibility for daily operations, Portnoy, who had financial control of the business, also kept himself apprised of RSR's operations. *Id.* at 136-37. RSR's security guards often worked more than 40 hours per week but Stern or Watkins recorded time that reflected one-third less overtime than that actually worked. *Id.* at 138.

The Department of Labor filed a complaint against RSR, Michael Stern, Watkins, and Portnoy for violation of the FLSA. *Id.* Portnoy asserted cross-claims for contribution and indemnity against Watkins and Michael and Marilyn Stern. *Id.* The trial court dismissed the cross-claims against Michael Stern and Watkins and the third-party complaint against Marilyn Stern. *Id.* After a bench trial, the court ruled that Portnoy was an employer under the FLSA and ordered him to pay back wages and liquidated damages, which the Second Circuit affirmed. *Id.* at 138-39, 144.

The appellate court then analyzed whether the indemnification and contribution claims were properly dismissed. The *Herman* court looked to the Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981) for guidance in its analysis of the applicable statutory construction.

In *Northwest*, the airline, which had been found liable under Title VII and the Equal Pay Act ("EPA") for paying female flight attendants less than male flight attendants, sought contribution from the flight attendants' union that had negotiated the pay rates. *Id.* at 82. The Court held that there was no right to contribution under either Title VII or the EPA. *Id.* at 94-95. After observing that neither statute expressly created a right of contribution in favor of employers, the Supreme Court explained that the absence of specific authorizing

language would not preclude a contribution action by an employer against a union if the

relevant statutes were "enacted for the special benefit of a class of which petitioner is a

member." *Id.* at 92. However, the Supreme Court found that because those statutes were

enacted for the benefit of employees, and employers were not members of the class to be

protected, the remedial scheme suggested that Congress intended no additional remedies, and

the legislative history was silent with respect to contribution. *Id.* at 92-94. Thus, the Court

refused to recognize a claim for contribution. *Id.* at 95.

In *Herman*, Portnoy sought to distinguish *Northwest* on the basis that his claims

against co-employers comport with the purpose and policy of the FLSA more than the

airline's claims against a union comported with the purpose and policy of Title VII or the

EPA. *Herman*, 172 F.3d at 143. The Second Circuit rejected this argument, noting that in

*Northwest*, the Supreme Court assumed that the union bore significant responsibility for the

discriminatory practices the statutes were designed to protect against, and further, if the

union was as culpable as the airline, that was an insufficient basis for recognizing a right to

contribution absent statutory authority. *Id.* at 143-44.

Applying *Northwest's*' analysis, the Second Circuit reached the same conclusion with

respect to the FLSA and indemnification and contribution. The court reasoned:

> First, the text of the FLSA makes no provision for contribution or
> indemnification. Second, the statute was designed to regulate the conduct of
> employers for the benefit of employees, and it cannot therefore be said that
> employers are members of the class for whose benefit the FLSA was enacted.
> Third, the FLSA has a comprehensive remedial scheme as shown by the "express
> provision for private enforcement in certain carefully defined circumstances."
> Northwest Airlines, 451 U.S. at 93. Such a comprehensive statute strongly
> counsels against judicially engrafting additional remedies. Fourth, the Act's
> legislative history is silent on a right to contribution or indemnification.

Accordingly, we hold that there is no right to contribution or indemnification for employers held liable under the FLSA.

*Herman*, 172 F.3d at 144 (some citations omitted). *See also Ansoumana v. Gristedes Operating Corp.*, No. 00 Civ. 253 (AKH), 2003 U.S. Dist. LEXIS 22, * 4 (S.D.N.Y. Jan. 2, 2003) (observing that the FLSA does not provide "for contribution or indemnification and, it appears, no such right is recognized.") (citing *Herman*).

The *Herman* court noted that other circuit courts supported its conclusion. *See LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (dismissing indemnity claim under FLSA because to "engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the *Supremacy Clause of the Constitution*, [and] would undermine employers' incentives to abide by the Act. . . .") (emphasis in original); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 986-87 (4th Cir. 1992) (dismissing third-party complaint against manager that alleged he had breached his contract with Food Lion by allowing plaintiff to work off the clock against policy because the FLSA does not allow indemnity actions, explaining, "[i]n effect, [the employer] sought to indemnify itself . . . for its own violation of the FLSA, which . . . is something the FLSA simply will not allow"); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992) (holding third-party complaint by employer seeking indemnification for violation of FLSA is preempted by FLSA via Supremacy Clause).

This court in *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001), followed *Herman* in precluding an indemnity claim arising from an FLSA claim. *Id.* In *Gustafson*, a plaintiff sued Bell Atlantic and its successors ("Bell Atlantic") under the FLSA alleging that he was misclassified as an independent contractor and wrongfully denied

overtime pay. *Id.* at 316. Gustafson incorporated his own corporation, JAG, with which Bell Atlantic contracted for driving services, and in which contract JAG agreed to indemnify Bell Atlantic against losses and claims caused by the performance of any services. *Id.* at 316-17. Bell Atlantic filed a third-party claim against JAG, arguing that JAG must indemnify it for any damages awarded to Gustafson. *Id.* at 327.

The *Gustafson* court continued the broad exclusion of indemnity claims with respect to the FLSA, explaining that "[a]s *Herman* made clear, 'there is no right to . . . indemnification for employers held liable under the FLSA. Even assuming JAG were found culpable for FLSA violations as plaintiff's 'co-employer,' the right to indemnification is still absent." *Id.* at 328 (quoting *Herman*, 172 F.3d at 143-44). *Gustafson* expressly rejected the argument that the status of the party from whom indemnification is sought (*i.e.*, whether employee or "co-employer") was relevant. *Id.* (citing *Herman*).

Similarly, Bell Atlantic's argument that its situation was distinguishable from *Herman* because its right to indemnification arose from a contract was rejected. *Id.* at 327-28. *Gustafson* explained that "whether or not JAG breached a contractual obligation, defendants' attempt to recover damages from JAG for overtime violations is an attempt to receive indemnification for FLSA liability." *Id.* at 328. Thus, this court granted summary judgment against the third-party claim. *Id.* *See also Lyle*, 954 F.2d at 987 (dismissing third-party indemnification complaint based on claimed breach of contract).

Actions seeking indemnification of claims brought under analogous statutes have suffered a similar fate. *See Chung, Yong Il v. Overseas Navigation Co.*, 774 F.2d 1043, 1052 (11th Cir. 1985) (refusing to allow indemnification of statutory penalty wages to discharged

seaman because "allowing a shipowner to avoid penalty wages liability through a contract would contravene the public policy implicit in the statute"); *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, No. 04-CV-7497 (KMK), 2007 U.S. Dist. LEXIS 13560, * 20-25 (S.D.N.Y. Feb. 26, 2007) (holding no right to indemnification under the Americans with Disabilities Act of 1990) (citing *Herman*); *Lipiro v. Remee Prods.*, 75 F. Supp. 2d 174, 176-77 (S.D.N.Y. 1999) (dismissing contribution claim based on plaintiff's Title VII action, observing no statutory or federal common law right to contribution under Title VII and no right to contribution or indemnification of employers under FLSA) (citing *Northwest* and *Herman*).

In this case, as in *Gustafson,* Alon sued American Express under the FLSA, effectively alleging that American Express misclassified him as an independent contractor, and thus had improperly denied him overtime pay. American Express denied these allegations and filed its Amended Complaint against CIBER, which claims that it has a contract that indemnifies American Express against losses arising from a breach of covenant by CIBER (referring to its allegation that CIBER represented that Alon was not an employee of American Express) and/or that CIBER violated the law (presumably the FLSA).

Regardless of whether the person or entity from whom indemnification is sought is an employee, a co-employer, or simply a third party, or whether the claimed right to indemnification is based on a contract or common law, the effect is the same and is prohibited: a party cannot shift or contract away its obligations under the FLSA. As this Court stated in *Gustafson*, allowing an alleged employer to obtain indemnification would contradict the policies of the FLSA because it "would permit employers to contract away

their obligations under the FLSA, a result that flouts the purpose of the statute." *Gustafson*, 171 F. Supp. 2d at 328.

Following Second Circuit law, as set forth in *Herman*, American Express cannot state a claim because "there is no right to contribution or indemnification for employers held liable under the FLSA." *Herman*, 172 F. 3d at 144.  This Court should follow *Herman*, as did the court in *Gustafson*, and find that there is no right to indemnification for liability under the FLSA.

### 2.    There is no duty to defend for claims brought under the FLSA.

As the Court of Appeals of New York in *Spoor-Lasher Co. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875, 876 (1976) recognized, an indemnitor is without obligation to defend where "it could be concluded as a matter of law that there is no possible factual or legal basis on which [the indemnitor] might eventually be held to be obligated to indemnify [the indemnitee] under any provision of the [agreement]. . . ." *Id.*  at 876.  As demonstrated above, there is no duty to indemnify as a matter of law; thus, there is no duty to defend. Accordingly, the Amended Complaint should be dismissed with prejudice.

### 3.    The breach of contract claim is precluded.

American Express's claim for breach of contract (Count III) also must fail for the reasons detailed above, because it merely repeats the same allegations as the claim for indemnification (Count II) under a different title.  American Express cannot evade the impact of *Herman* by simply attempting to mask it as a different claim.  Accordingly, the Amended Complaint should be dismissed with prejudice.

**B.**     <u>**American Express Has Failed to Sufficiently Plead A Breach of The Contract**</u>

American Express also fails to state a claim for breach of duty to defend (Count I) or

to indemnify (Count II) because the allegations do not constitute a breach of the terms of the

Agreement.  Although American Express has alleged a separate Count III for breach of

contract, its allegations merely restate those in Counts I and II, and the arguments set forth

below are therefore fully applicable to Count III.

"Under New York law, the party asserting a breach of contract claim has the burden

of proving the material allegations in the complaint by a fair preponderance of the evidence."

*Raymond v. Marks,* No. 96-9337, 1997 U.S. App. LEXIS 15246, *3 (2d Cir. June 24, 1997).

This Court has found that an "obligation [to defend] arises only when the action commenced

against the [party] alleges facts which bring it within the coverage of the [agreement]." *San*

*Filippo v. U.S. Trust Co.,* No. 81 Civ. 19 (JFK), 1987 U.S. Dist. LEXIS 3960, *8 (S.D.N.Y.

May 14, 1987).  Although a duty to defend arises irrespective of liability, the duty does not

arise in every circumstance, but rather, the claims asserted must fall within the coverage

contemplated by the contractual agreement between the parties. *Id.*  Where "there is no

possible factual or legal basis upon which an [indemnitor] could eventually be held obligated

to indemnify [an indemnitee] under a provision of the contractual agreement" between the

parties, a duty to defend does not exist. *Spoor-Lasher,* 39 N.Y.2d at 876.  American Express

fails to state a claim for breach of a duty to defend because no facts alleged bring it within

coverage of the Agreement.

The "duty to indemnify requires a determination that the [indemnitee] is liable for a

loss covered by the [contract]." *Lehrer McGovern Bovis, Inc. v. Halsey Constr. Corp.,* 254

A.D.2d 335, (N.Y. App. Div. 2d Dep't 1998). Further, "a contract assuming an obligation of indemnification must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Talapin v. One Madison Ave. Condo.*, 882 N.Y.S.2d 161, 164 (N.Y. App. Div. 2d Dep't 2009). American Express fails to state a claim for breach of a duty to indemnify because the pleadings establish that nothing has occurred to bring CIBER within coverage of the Agreement.

American Express alleges that CIBER has a duty to defend and indemnify American Express in the Alon action. (Doc. 11 at 6-8.) CIBER's duty to defend and/or indemnify American Express, however, is limited by the contract language in Section 11 of the Agreement, which states:

> (a) [CIBER] shall defend, indemnify and hold harmless [American Express], its parent and its respective employees, agents, and affiliates, from and against any and all claims, losses, judgments, costs, awards, expenses (including reasonable attorneys' fees, expert witness fess and costs of settlement) and liability of any kind arising out of or relating to any claim with respect to (i) the negligence or wrongful, intentional acts of [CIBER], its employees, subcontractors, agents or representatives; (ii) breaches of any procedures, promises, covenants set forth in this Agreement; (iii) violations by [CIBER], its employees, subcontractors, agents or representatives of any governmental law, rule, ordinance, resolution, requirement, mandate or regulation; (iv) fraud committed on part of [CIBER], its employees, subcontractors, agents or representatives...and [CIBER's] breaches of Section 10 above. . . .

(Doc. 11, Ex. A at 7.) Based upon this contract language, CIBER does not have a duty to defend or indemnify American Express in the Alon action because the allegations of Alon's complaint against American Express do not "arise out of or relate" to any of the enumerated wrongful acts that would trigger such a duty under Section 11 of the Agreement.

1.   **No duty to defend or indemnify arises under Section 11(i).**

    a.   <u>FLSA claim</u>.

Alon's claim for unpaid overtime under the FLSA does not arise out of, nor is it related to any negligent or wrongful, intentional act of CIBER, or its employees, subcontractors, agents, or representatives. Either American Express owes Alon overtime wages under the FLSA as his employer or it does not (and CIBER and American Express agree that American Express does not because Alon was never an employee of American Express). Alon's complaint does not allege, nor could it, that he was owed overtime wages under the FLSA as a result of any negligent or wrongful, intentional act of <u>CIBER</u>, or its employees, subcontractors, agents, or representatives. Thus, no duty to defend or indemnify arises under Section 11(i) of the Agreement.

    b.   <u>Unjust enrichment claim</u>.

Alon's claim for unjust enrichment does not arise out of, nor is it related to any negligent or wrongful, intentional act of CIBER, or its employees, subcontractors, or representatives. Alon claims that American Express accepted hours of work by Alon for which it refused to approve payment. (Doc. 11, Ex. C at 8.) There is nothing in Alon's unjust enrichment claim that implicates any negligent or wrongful, intentional act of CIBER, or its employees, subcontractors, agents, or representatives. Thus, no duty to defend or indemnify arises under Section 11(i) of the Agreement.

2.   **No duty to defend or indemnify arises under Section 11(ii).**

    a.   <u>FLSA claim</u>.

Alon's claim for unpaid overtime under the FLSA does not arise out of, nor is it related to breaches of any procedures, promises, or covenants set forth in this Agreement,

which American Express alleges are contained in Sections 5 and 10 of the Agreement (Doc.

11, Ex. A at 6).  Section 5 of the Agreement states:

> (a) [CIBER] represents, warrants and covenants that (i) it is an independent
> contractor and not [American Express's] agent and will not hold itself out as such;
> (ii) its personnel are not agents or employees of [American Express] for local,
> state, or federal tax purposes or any other purpose whatsoever (and will not hold
> themselves out as [American Express] employees or agents) and (iii) its personnel
> are not entitled to treatment as [American Express] employees, including but not
> limited to any [American Express] employee benefits.  [CIBER] agrees that
> neither it nor any of its personnel has any authority to make commitments or enter
> into contracts on behalf of, bind or otherwise obligate [American Express] in any
> manner whatsoever.  [CIBER] assumes full and sole responsibility for its own
> acts and the acts of its employees, officers, agents and Vendors.
>
> (b) Since [CIBER] is an independent contractor and not an employee or agent of
> [America Express], [CIBER] represents, warrants and agrees that it shall be liable
> for all taxes and withholdings of any nature whatsoever applicable to the payment
> of compensation whether current or deferred, for the Services hereunder.  Further,
> [CIBER] shall indemnify and hold [American Express] harmless from and against
> any such taxes, withholdings or related penalties for which [American Express]
> may be determined to be liable.

(Doc. 11, Ex. A at 2-3.)

In Section 5(a)(i), CIBER represented that it is an independent contractor and not

American Express's agent and that CIBER would not hold itself out as such.  Section 5(a)(i)

was not breached because no one has alleged that CIBER itself was not an independent

contractor or American Express's agent or that CIBER held itself out as such.

With respect to Section 5(a)(ii), the duty to defend or indemnify is triggered under

Section 11 only when there are claims, losses, judgments, costs, awards, or expenses "arising

out of or relating to any claim with respect to . . . breaches of any . . . promises [or] covenants

set forth" in Section 5(a)(ii).  In Section 5(a)(ii), CIBER covenanted that "its personnel are

not agents or employees of [American Express] . . . (and will not hold themselves out as [American Express] employees or agents)." (Doc. 11, Ex. A at 2.)

Alon makes no claim that CIBER breached any promise or covenant. "New York contract law includes the rule that ambiguities in contracts should be construed against the drafter." *Albany Sav. Bank, F.S.B. v. Halpin*, 117 F.3d 669, 674 (2d Cir. 1997).[3] *See also The Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003) (identifying principles of New York contract law to include that "ambiguous language should be construed against the interest of the drafting party" and "words and phrases in a contract should be 'given their plain meaning.'") (quoting *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996)).

Under the plain language of the contract, the duty to defend or indemnify only arises if and when there has been a claim made against American Express that CIBER breached that covenant. American Express's complaint is based on the Alon action and Alon did not claim that CIBER breached a covenant with American Express. Further, Alon did not allege that anything CIBER did or failed to do had any effect on whether he was an employee of American Express. (*See* Doc. 11, Ex. C.) To the extent American Express argues otherwise, the contract is ambiguous and its interpretation should be construed against it.

In addition, American Express cannot allege that there exists a claim that CIBER breached its covenant that its personnel are not employees of American Express simply because Alon eventually asserted that he was American Express's employee in his FLSA claim. There is nothing in the Agreement that provides that an "employee" is to be defined

---

[3] The Agreement has an American Express copyright mark on it; thus, American Express was its drafter. (Doc. 11, Ex. A.)

under the expansive definition applied by the FLSA. "The Supreme Court has observed . . . that the 'striking breadth' of the FLSA's definition of 'employ' 'stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Barfield v. N.Y. City Health & Hosps. Corp.,* 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992)). American Express cannot now argue that the parties intended the covenant regarding "employees" to apply the expansive definition employed by the FLSA, rather than the narrower common law definition. It is only when "employee" is used in the FLSA context that American Express even has an argument that a covenant has been breached. As noted above, such ambiguities are to be construed against American Express.

Both CIBER and American Express have maintained and continue to maintain that Alon was not American Express's employee. (*See* Answers to the Alon action filed by American Express and CIBER, attached as Exhibit A hereto.) Moreover, it is undisputed that there has never been a determination by the Court that Alon was an employee of American Express, as is obvious by the absence of such an allegation in American Express's complaint.

To the extent American Express argues that a claim for breach of a covenant is based on the covenant that CIBER's personnel will not hold themselves out as employees of American Express, that argument also must fail because Alon was no longer among CIBER's personnel when he asserted he was American Express's employee. To the contrary, during the relevant time at American Express, Alon was governed by an Independent Contractor Agreement he had entered with CIBER, (Doc. 11, Ex. B.) and, as alleged in his complaint, his services were terminated on October 31, 2008. (Doc. 11, Ex. C at 3.) Alon's assertion

that he was American Express's employee did not arise until after the termination of his services. (*See* Doc. 11, Ex. C.)  Thus, no duty to defend or indemnify arises.

With respect to Section 5(a)(iii), in which CIBER covenanted that "its personnel are not entitled to treatment as [American Express] employees, including but not limited to any [American Express] employee benefits," because this provision logically applies to circumstances other than those covered by Section 5(a)(ii), the relevant circumstances are when a worker sought some benefit or treatment to which American Express employees in particular were entitled.  No such claim was raised by Alon.  Thus, no duty to defend or indemnify arises.

With respect to Section 5(b), CIBER covenanted that it is an independent contractor and agreed that it would be liable for all taxes and withholdings applicable to the payment of compensation for services under the Agreement and would indemnify and hold American Express harmless from any such taxes, withholdings or related penalties for which American Express may be determined to be liable.  There has been no allegation by anyone that CIBER is not an independent contractor or that American Express could be liable for any taxes, withholdings, or related penalties for compensation.  Thus no duty to defend or indemnify arises.

      b.    Unjust enrichment claim.

In his unjust enrichment claim, Alon does not allege that his entitlement to payment for his services related in any way to whether or not he was an employee of American Express.  To the contrary, he simply alleges he provided services to American Express for

which he was not paid, an entitlement equally available to an independent contractor. Thus, no duty to defend or indemnify arises under Section 11(ii).

**3.    No duty to defend or indemnify arises under Section 11(iii).**

      a.    <u>FLSA claim</u>.

With respect to Section 11(iii) of the Agreement, Alon's claim for unpaid overtime under the FLSA does not arise out of, nor is it related to violations by <u>CIBER</u>, its employees, subcontractors, agents or representatives of any governmental law, rule, ordinance, resolution, requirement, mandate or regulation. No claim has been made against American Express or CIBER that <u>CIBER,</u> or its employees, subcontractors, agents or representatives violated any governmental law, rule, ordinance, resolution, requirement, mandate or regulation, including but not limited to the FLSA. Thus, no duty to defend or indemnify arises under Section 11(iii).

      b.    <u>Unjust enrichment claim</u>.

Alon's unjust enrichment claim is a common law claim that does not allege any violation of a governmental law, rule, ordinance, resolution, requirement, mandate or regulation. Thus, no duty to defend or indemnify arises under Section 11(iii).

**4.    No duty to defend or indemnify arises under Section 11(iv).**

      a.    <u>FLSA claim</u>.

With respect to Section 11(iv) of the Agreement, Alon's claim for unpaid overtime under the FLSA does not arise out of, nor is it related to fraud committed on the part of CIBER, its employees, subcontractors, agents or representatives. Alon has made no claim of fraud by CIBER that would result in any liability against American Express under the FLSA. Thus, no duty to defend or indemnify arises under Section 11(iv).

b.      Unjust enrichment claim.

Alon's unjust enrichment claim is merely a common law claim addressed only to American Express and its alleged failure to pay him for work he performed. None of the terms of the Agreement is implicated in any manner in his claim. Thus, no duty to defend or indemnify arises.

**5.      No duty to defend or indemnify arises under Section 10.**

a.      FLSA claim.

With respect to Section 10 of the Agreement, American Express does not identify which provision of Section 10 is the warranty that CIBER allegedly breached. There has been no claim against American Express, and American Express's complaint identifies none, that alleges a breach of any warranty made by CIBER in Section 10 of the Agreement, much less one that involves a claim under the FLSA. To the extent American Express may claim that it is referring to Section 10(vii), which provides that CIBER "has complied with, and will continue to comply with, all applicable domestic, foreign and local laws and regulations, as applicable . . .", (Doc. 11, Ex. A at 7), Alon has never alleged to the contrary. Further, American Express is being sued for its violation of the law, not a violation of the law by CIBER. Thus, no duty to defend or indemnify arises.

b.      Unjust enrichment claim.

Alon's unjust enrichment claim is merely a common law claim addressed entirely to American Express and its alleged failure to pay him for work he performed. None of the terms of the Agreement is implicated in any manner in his claim. Thus, no duty to defend or indemnify arises.

**6.     Any claim for indemnification is premature.**

Finally, in the event that indemnification is not precluded on public policy grounds

and CIBER does have a contractual obligation to indemnify American Express for any

damages incurred as a result of liability based on the Alon action, that alleged obligation does

not exist unless and until there is an actual, quantifiable, covered loss. *See Spoor-Lasher*, 39

N.Y.2d at 876 (finding where liability of an indemnitee in the underlying claim cannot yet be

predicted, the obligation of the indemnitor to indemnify is premature and must await

resolution of the underlying claim.).  Unless and until there is a determination that Alon was

an employee, no covenant or warranty that CIBER's personnel are not employees of

American Express has not been breached.  "In contract cases, the cause of action accrues and

the Statute of Limitations begins to run from the time of the breach."  John J. *Kassner & Co.*

*v. City of New York,* 46 N.Y.2d 544, 550 (1979).  Where no breach has yet occurred, no

claim for breach of contract has yet accrued.  *Waldorf Steel Fabricators, Inc. v. Trocom*

*Constr. Corp.,* 644 N.Y.S.2d 326, 328 (N.Y. App. Div., 2d Dep't 1997).  American Express's

claim that CIBER has a duty to indemnify American Express in the Alon matter is premature.

Thus, this Court should hold that the American Express's breach of duty to indemnify should

be dismissed.

## IV.  **CONCLUSION**

American Express cannot plead a claim for duty to indemnify, duty to defend, or for

breach of contract.  Thus, the Amended Complaint should be dismissed with prejudice.

Dated:  Orlando, Florida
       September 16, 2009

Respectfully submitted,

FORD & HARRISON LLP

By: _s/ M. Susan Sacco_____
     M. Susan Sacco
Florida Bar No. 341721
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
(407) 418-2300  Telephone
(407) 418-2327  Facsimile
E-mail:  ssacco@fordharrison.com

Philip K. Davidoff (PD 7488)
100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5900  Telephone
E-mail:  pdavidoff@fordharrison.com

Attorneys for Defendant CIBER, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2009 the foregoing **Defendant CIBER, Inc.'s**

**Memorandum of Law in Support of Its Motion to Dismiss with Prejudice Plaintiff**

**American Express Travel Related Services Company, Inc.'s Amended Complaint**

**Pursuant to Federal Rule of Civil Procedure 12(b)(6)** was filed with the Clerk of the Court

and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern

District's Local Rules, and/or the Southern District's Rules On Electronic Service, upon:

Jean Young Park, Esquire
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York  10178

            _s/ M. Susan Sacco_____
              M. Susan Sacco

Orlando:156237.1

- 20 -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61897-CIV-COHN/SELTZER

GUY ALON,

        Plaintiff,

v.

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.,

        Defendant.
_____/

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY,
INC., a foreign company,

        Third Party Plaintiff,

v.

CIBER, Inc., a foreign corporation,

        Third Party Defendant.
_____/

**DEFENDANT, CIBER, INC.'S ANSWER AND DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DAMAGES AND DEMAND FOR JURY TRIAL**

        Defendant, CIBER, Inc. ("CIBER"), by and through its undersigned counsel, hereby

files its Answer and Defenses to Plaintiff's Second Amended Complaint for Damages and

Demand for Jury Trial and states:

**COMPOSITE EXHIBIT A**

## COUNT I – WAGE AND HOUR FEDERAL VIOLATION AGAINST DEFENDANT (AMERICAN EXPRESS)

1.    CIBER admits that Plaintiff purports to state a claim for violation of the Fair Labor Standards Act ("FLSA") against Defendant American Express Travel Related Services, Inc. ("American Express"), which would confer subject matter jurisdiction upon this Court but denies that Plaintiff has a valid cause of action.

2.    CIBER is without sufficient knowledge to admit or deny the allegations regarding residency contained in paragraph 2 of the Second Amended Complaint and therefore denies same. CIBER states that upon information and belief, Plaintiff worked as an independent contractor and performed services for American Express in Broward County, Florida, and denies Plaintiff was a covered employee.

3.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the Second Amended Complaint and therefore denies same.

4.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 4 of the Second Amended Complaint and therefore denies same.

5.    CIBER denies that Plaintiff is entitled to overtime compensation under the FLSA.

6.    CIBER admits that this Court has subject matter jurisdiction of the Second Amended Complaint.

7.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Second Amended Complaint and therefore denies same.

8.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint and therefore denies same.

9.     CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Second Amended Complaint and therefore denies same.

10.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Second Amended Complaint and therefore denies same.

11.    Upon information and belief, Plaintiff performed services as an independent contractor for American Express and was not an employee.  CIBER is without sufficient knowledge to admit or deny the remainder of the allegations contained in paragraph 11 of the Second Amended Complaint and therefore denies same.

12.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint concerning all of the rates for which Plaintiff worked, and therefore, denies same.  CIBER denies that Plaintiff is owed overtime compensation.

13.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint and therefore denies same and denies that he is owed overtime compensation under the FLSA.

14.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 14 of the Second Amended Complaint and therefore denies same and denies that he is owed overtime compensation under the FLSA.

15.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Second Amended Complaint and therefore denies same and denies that he is owed overtime compensation under the FLSA.

16.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Second Amended Complaint and therefore denies same and denies that he is owed overtime compensation under the FLSA or is otherwise entitled to the recovery of attorneys' fees.

WHEREFORE, although this claim is against American Express, to the extent Plaintiff seeks relief from CIBER, CIBER denies each and every item in the Demand For Relief and requests that all claims against it be dismissed with prejudice, that judgment be entered in its favor, that its costs and attorneys' fees be assessed against Plaintiff, and that CIBER be awarded such other and further relief as the Court deems appropriate.

### ALLEGATIONS COMMON TO COUNTS II AND III OF THE SECOND AMENDED COMPLAINT

17.    CIBER incorporates by reference its responses to the allegations contained in paragraphs 2, 3, 7, and 11 as if fully set forth herein.

18.    Admitted.

19.    CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 19 of the Second Amended Complaint and therefore denies same and denies that he is owed overtime compensation under the FLSA.

20.    CIBER denies the allegations contained in paragraph 20 of the Second Amended Complaint.

21.    CIBER denies the allegations contained in paragraph 21 of the Second Amended Complaint.

22.    CIBER denies the allegations contained in paragraph 22 of the Second Amended Complaint.

- 4 -

## COUNT II – UNJUST ENRICHMENT BY DEFENDANT (AMERICAN EXPRESS)

23.      CIBER incorporates by reference its responses to the allegations contained in paragraphs 17 through 22 as if fully set forth herein.

24.      CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 24 of the Second Amended Complaint and therefore denies same

25.      CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 25 of the Second Amended Complaint and therefore denies same

26.      CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 26 of the Second Amended Complaint and therefore denies same

27.      CIBER admits that this Court has subject matter jurisdiction of the Second Amended Complaint.

WHEREFORE, although this claim is against American Express, to the extent Plaintiff seeks relief from CIBER, CIBER denies each and every item in the Demand For Relief and requests that all claims against it be dismissed with prejudice, that judgment be entered in its favor, that its costs and attorneys' fees be assessed against Plaintiff, and that CIBER, Inc. be awarded such other and further relief as the Court deems appropriate.

## COUNT III – CONSPIRACY BY CIBER TO DEFRAUD PLAINTIFF OF OVERTIME PAY

28.      CIBER incorporates by reference its responses to the allegations contained in paragraphs 17 through 22 as if fully set forth herein.

29.      CIBER denies the allegations contained in paragraph 29 of the Second Amended Complaint.

30.   CIBER denies the allegations contained in paragraph 30 of the Second Amended Complaint.

31.   CIBER denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32.   CIBER is without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of the Second Amended Complaint and therefore denies same and denies that he is entitled to recovery of attorneys' fees.

WHEREFORE, Defendant CIBER, Inc. denies each and every item in the Demand for Relief and requests that all claims against it be dismissed with prejudice, that judgment be entered in its favor, that its costs and attorneys' fees be assessed against Plaintiff, and that CIBER, Inc. be awarded such other and further relief as the Court deems appropriate.

### General Denial

CIBER, Inc. denies each and every allegation, and all possible inferences from each and every allegation, that is not expressly admitted in this answer. Additionally, CIBER, Inc. reserves the right to assert additional defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

### DEMAND FOR JURY TRIAL AS TO ALL COUNTS

Admitted Plaintiff is entitled to a jury trial on those issues so triable. Denied Plaintiff is entitled to a jury trial on those issues not so triable.

## FIRST DEFENSE

Plaintiff was an independent contractor and not an employee under the FLSA and CIBER was not Plaintiff's employer.

## SECOND DEFENSE

Plaintiff fails to state a claim against CIBER on the theory of conspiracy to defraud Plaintiff of overtime pay.

## THIRD DEFENSE

CIBER's actions were not willful so as to invoke the three-year statute of limitations found at 29 U.S.C. § 255(a) of the Portal to Portal Act. Defendants did not know, or show reckless disregard for whether their conduct complied with the FLSA. At all times, CIBER acted in good faith.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred pursuant to the equitable doctrine of laches, waiver, estoppel and unclean hands, or any of them. At all relevant times, Plaintiff represented himself as an independent contractor working with CIBER through Savannah Technologies, Inc.

## FIFTH DEFENSE

Plaintiff fails to state a claim against CIBER because the claim alleged by Plaintiff is preempted by the FLSA

## SIXTH DEFENSE

Plaintiff is not entitled to overtime compensation under the FLSA due to both the professional and computer employee exemptions.

### SEVENTH DEFENSE

To the extent Plaintiff's claims seek wages alleged owed more than two years from the filing of this lawsuit, then portions of Plaintiff's complaint are barred by the two-year statute of limitations found at 29 U.S.C. § 255(a) of the Portal to Portal Act. The statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the complaint occurring more than two years prior to the filing of the complaint.

### EIGHTH DEFENSE

Plaintiff's claims may be barred by the equitable doctrine of estoppel and unclean hands if Plaintiff worked 40 or more hours in a week and failed to get prior authorization and/or failed to submit a time sheet for those hours, which CIBER reasonably relied on to its detriment. Plaintiff's claims also are barred by the doctrine of estoppel if Plaintiff represented he worked the hours upon which he was paid and CIBER reasonably relied on Plaintiff's representations to its detriment.

### NINTH DEFENSE

This action is barred to the extent CIBER acted in good faith, in conformity with, and in reliance upon administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor, and/or the administrative practices and/or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

Prejudgment interest is not recoverable under the circumstances in this case.

- 8 -

s/M. Susan Sacco
M. SUSAN SACCO
Florida Bar No. 341721
FORD & HARRISON LLP
300 South Orange Avenue
Suite 1300
Post Office Box 60
Orlando, FL  32802-0060
Telephone: (407) 418-2300
Facsimile: (407) 418-2327
Email: ssacco@fordharrison.com

Counsel for Third Party Defendant,
CIBER, Inc.

## CERTIFICATE OF SERVICE

**I hereby certify** that on July 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the counsel of record.

s/M. Susan Sacco
M. Susan Sacco

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61897-CIV-COHN / SELTZER

GUY ALON,

     Plaintiff,

vs.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.; CIBER, INC.,

     Defendants.

_____/

## DEFENDANT AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF GUY ALON'S SECOND AMENDED COMPLAINT

Defendant, American Express Travel Related Services Company, Inc.[1] (hereinafter "Defendant") by and through undersigned counsel hereby files and serves its Answer and Affirmative Defenses to Plaintiff Guy Alon's (hereinafter "Plaintiff") Second Amended Complaint and respectfully states as follows:

### WAGE AND HOUR FEDERAL VIOLATION AGAINST DEFENDANT

1.    Defendant admits that Plaintiff purports to bring a cause of action as stated and that the FLSA confers jurisdiction upon this Court for jurisdictional purposes only and denies the same for any other purpose.

2.    Defendant is without knowledge as to Plaintiff's residence at all times material, and therefore denies the same. Defendant denies the remaining allegations in paragraph 2.

---

[1] The incorrect corporate entity has been identified in the case's caption. The correct corporate entity is American Express Travel Related Services Company, Inc.

3.     Defendant admits the allegations in paragraph 3 for jurisdictional purposes only.

4.     Defendant denies it was ever Plaintiff's employer, but admits it is an employer under the FLSA.

5.     Defendant admits Plaintiff purports to bring a cause of action as stated, but denies the remaining allegations in paragraph 5.

6.     Admitted for jurisdictional purposes only.

7.     Denied.

8.     Defendant admits that it has gross revenues of not less than $500,000 per annum, but denies the remaining allegations in paragraph 8.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count I of his Second Amended Complaint.

## ALLEGATIONS COMMON TO COUNTS II AND III OF THE SECOND AMENDED COMPLAINT[2]

---

[2] Count III of Plaintiff's Second Amended Complaint alleges a cause of action against Defendant Ciber, Inc. only. Defendant answers only on its behalf and only as to the Counts brought against it.

126500_1

17.     Defendant restates its responses to paragraphs 2, 3, 7 and 11.

18.     Upon information and belief, Defendant admits the allegations in paragraph 18.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

### COUNT II-UNJUST ENRICHMENT BY DEFENDANT

23.     Defendant restates its responses to paragraphs 17 through 22.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Defendant admits the allegations in paragraph 27 for jurisdictional purposes only.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count II of his Second Amended Complaint.

### JURY DEMAND

Defendant admits Plaintiff requests a jury trial in this matter.

### GENERAL DENIAL

Any allegations not specifically admitted, explained, qualified, or denied above are here and now denied by Defendant.

### AFFIRMATIVE DEFENSES

1.     Defendant is not liable to Plaintiff for any alleged amounts owed because

Defendant was not Plaintiff's employer and Plaintiff was not an employee of Defendant under the FLSA.

2.     Defendant's conduct was not "willful" and Plaintiff's claims for damages are limited by the applicable statute of limitations under 29 U.S.C. § 255.

3.     Defendant did not know and did not have reason to know that its actions violated 29 U.S.C. § 201, *et seq.*

4.     Defendant took reasonable and good faith steps to ascertain and comply with the requirements of 29 U.S.C. § 201, *et seq.*, and any acts in violation of this statute were *ultra vires* acts in contravention of Defendant's good faith efforts to comply with the provisions of the FLSA.

5.     Defendant makes reasonable and diligent efforts to adopt and enforce remedial measures designed to ensure FLSA compliance and Plaintiff failed to avail himself of those measures; and therefore, his claim is barred or should be reduced, diminished, or defeated by those amounts that could have been mitigated.

6.     Plaintiff's claim for liquidated damages is subject to the applicable limitations on such damages as set forth in 29 U.S.C. §§ 216(b) and 260.

7.     To the extent Plaintiff is asserting a claim under the FLSA for compensation outside the applicable statute of limitations, said claim is barred.

8.     Plaintiff's allegations are without merit and are being litigated in bad faith. Therefore, Defendant should be awarded attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

9.     Plaintiff's claims are barred by the doctrines of laches, estoppel and/or waiver due to his failure to take timely action to address any perceived concerns, his

continued performance of services, and/or his decision to perform in the capacity of an independent contractor.

10.    Plaintiff's claims are barred by the doctrines of estoppel because American Express reasonably relied on Plaintiff's representations of how many hours he worked.

11.    Plaintiff's claim is barred by the doctrine of unclean hands.

12.    Plaintiff's unjust enrichment claim is preempted by the FLSA.

13.    Plaintiff's unjust enrichment claim is barred because Alon's services to Defendant were provided pursuant to an express contract between Defendant and Ciber, Inc.

14.    Assuming *arguendo* Defendant is Plaintiff's employer under the FLSA, no additional wages are owed because Plaintiff was employed in an administrative exempt capacity under Section 13(a)1 of the FLSA, and was therefore not entitled to overtime for hours worked in excess of forty (40) in any work week.

15.    Assuming *arguendo* Defendant is Plaintiff's employer under the FLSA, no additional wages are owed because Plaintiff was exempt from the FLSA under the computer-related occupation-exemption, and was therefore not entitled to overtime for hours worked in excess of forty (40) in any work week.

16.    Assuming *arguendo* Defendant is Plaintiff's employer under the FLSA, no additional wages are owed because Plaintiff was exempt from the FLSA under the highly-compensated employees exemption, and was therefore not entitled to overtime for hours worked in excess of forty (40) in any work week.

17.    Defendant reserves the right to raise any and all other defenses that may

126500_1

become evident during discovery and during any other proceedings in this action

Respectfully submitted,

s/ Peter L. Sampo
Peter L. Sampo, Esquire
Florida Bar No. 0773440
psampo@anblaw.com
Jessica Travers, Esquire
Florida Bar No. 0018129
jtravers@anblaw.com

Allen, Norton & Blue, P.A.
121 Majorca Avenue
Coral Gables, Florida 33134
Tel:   (305) 445-7801
Fax:   (305) 442-1578

<u>Certificate of Service</u>

I hereby certify that on July 24, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Peter L. Sampo
Attorney

SERVICE LIST

Guy Alon v. American Express Company

CASE NO. 08- 61897-CIV-COHN / SELTZER


Sheridan K. Weissenborn, Esquire
3001 Ponce de Leon Boulevard, Suite 210
Coral Gables, Florida 33134
Tel: (305) 648-9660
Fax: (305) 648-9663
weissenborn@papylaw.com
Counsel for Plaintiff, Guy Alon

M. Susan Sacco, Esq.
Ford & Harrison LLP
300 South Orange Avenue, Suite 1300
Orlando, FL 32801
Tel: (407) 418-2300
Fax: (407) 418-2327
ssacco@fordharrison.com
Counsel for Defendant/Third Party Defendant, Ciber, Inc.

Peter L. Sampo, Esquire
Florida Bar No.: 0773440
psampo@anblaw.com
Jessica T. Travers, Esquire
Florida Bar No. 0018129
jtravers@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue
Coral Gables, Florida 33134
Tel:   305.445.7801
Fax:   305.442.1578
Counsel for Defendant, American Express Travel Related Services Company, Inc.


126500_1